**Jerrell QUATTLEBAUM and Sharon Quattlebaum, his wife, Plaintiffs,**

v.

**FOSTER MARINE CONTRACTORS, INC., a Florida corporation; Intercounty Construction Corporation of Florida, a Florida corporation; and William Rebozo, Fid Company, Inc., and Mulben Realty Company as General Partners d/b/a Island Developers, Ltd., a Florida Limited Partnership, Defendants.**

**No. 83–2517–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

Jan. 4, 1985.

John F. Romano, West Palm Beach, Fla., for plaintiffs.

J. Frank Bradley, Malcolm W. Weldon, Robert K. Burlington, Steven P. Befera, Miami, Fla., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

SPELLMAN, District Judge.

Plaintiffs filed their original complaint on October 5, 1983. On February 23, 1984, Plaintiffs certified service of an Amended Complaint, which was not filed until May 21, 1984. Although the Amended Complaint attempted to clarify the basis for federal jurisdiction in response to Defendants, William Rebozo, Fid Company, Inc., and Mulben Realty Company as General Partners d/b/a Island Developers, Ltd. (hereinafter referred to as IDL)'s Motion to Dismiss, filed on January 30, 1984, IDL renewed its Motion to Dismiss and Supporting Memorandum of Law on March 5, 1984.

Plaintiffs' Amended Complaint contains: General Allegations; Count I—Principal Claim—(Jones Act Negligence of Defendant, Foster Marine Contractors, Inc.); Count II (Maritime and/or State Law Negligence of Defendant, Intercounty Construction); Count III (Maritime and/or State Law Negligence of Defendant, IDL); Count IV (Maintenance and Cure and Unearned Wages); and Count V (Consortium). It seems that Foster Marine was subcontracted by Intercounty Construction to build a subaqueous water main for IDL from Virginia Key to Fisher Island, a small island that IDL was developing. It is alleged that Plaintiff, Jerrell Quattlebaum, a diver employed on the Foster Marine barge, was seriously injured while excavating a trench on the south side of Fisher Island. Quattlebaum was allegedly "struck down by a cave-in from the sides of the trench."

Because both Plaintiffs and all Defendants are residents of Florida, IDL claims that this Court is without jurisdiction, arguing "that neither the Jones Act nor general maritime tort law as alleged in the Amended Complaint apply (sic)." Plaintiffs contend that this Court has jurisdiction over

IDL because 1) the allegations in the amended complaint state a general maritime tort cause of action, and 2) even if there is no maritime jurisdiction, pendent jurisdiction covers the state law negligence claims. Because this Court is of the opinion that the allegations in the amended complaint are sufficient to conclude that there is admiralty tort jurisdiction, there is no need to decide whether the doctrine of pendent jurisdiction should here be stretched to cover two non-diverse parties.

■ Historically the standard for determination of maritime tort jurisdiction was viewed as a question of the locality of the tort. Maritime law governed only those actions where the "substance and the consummation of the injury" took place on navigable waters. *The Plymouth*, 70 U.S. (3 Wall.) 20, 33, 18 L.Ed. 125 (1886). This strict locality test was perfunctorily repeated with great frequency, *see Victory Carriers v. Law*, 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1970) (Footnote 2 lists an exhaustive line of cases), until the Supreme Court in *Executive Jet Aviation v. Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454, declared that "the mere fact that the alleged wrong 'occurs' or 'is located' on or over navigable waters ... is not of itself sufficient .... It is far more consistent with the history and purpose of admiralty to require also that the wrong bear a significant relationship to traditional maritime activity." *See also Kelly v. Smith*, 485 F.2d 520 (5th Cir.1973). Thus, the analysis and thrust of *Executive Jet*, coupled with the fifth circuit's decision in *Kelly*, dictate the conclusions that maritime locality alone is no longer sufficient to sustain maritime jurisdiction, and that the wrong must bear a significant relationship to maritime activity. This is known as the "locality plus" test.

■ In this case, IDL contracted with Intercounty Construction, for the construction of a subaqueous water main from Virginia Key to Fisher Island. At the time Jerrell Quattlebaum was allegedly "struck down" by the cave-in, he was employed as a diver and deck hand by the subcontractor Foster Marine. Quattlebaum was working from the Foster Marine barge allegedly located in navigable waters and was contributing to its mission of constructing the water main. The duty of care and negligence of IDL allegedly arose from IDL's relationship to the marine activity of connecting two islands with a subaqueous water main. The facts and allegations contained in Plaintiffs' Amended Complaint demonstrate that IDL has a sufficient connection with the maritime activity in this case to satisfy the "plus" portion of the "locality plus" test.[1]

Additionally, while the cave-in occurred just inside the seawall on Fisher Island, Plaintiffs have alleged a sufficient connection to the navigable waters on the other side of the seawall to fulfill the "locality" requirement of maritime jurisdiction. When the cave-in occurred, Quattlebaum was working from the Foster Marine barge which was allegedly located in navigable waters. Plaintiffs argue that Quattlebaum would be considered a seaman under the Jones Act, *see Taylor v. Packer Diving & Salvage Corp.*, 342 F.Supp. 365 (E.D.La. 1971), and was contributing to Foster Marine's mission of constructing the subaqueous water main from Virginia Key to Fisher Island. Quattlebaum was physically tied to the Foster Marine barge by a life and air line. And he was working as a part of a team with other members on the barge and was in continuous communication with them. Because these factual allegations must be accepted as true for purposes of the motion to dismiss, this Court must now conclude that there is general maritime jurisdiction over IDL. Defendants' Motion to Dismiss is therefore denied.

In that one of the pivotal issues regarding the jurisdiction of this Court is whether

---

**1.** Those cases which have demanded some maritime connection, *see Watz v. Zapata Off-Shore Co.*, 431 F.2d 100, 110 n. 12 (5th Cir.1970) (listing cases), have demanded only a minimum. They have refused to assume admiralty jurisdiction in cases involving swimmers, a person falling off a dock, a crane breaking and dropping a lift-truck into the water.

or not Plaintiff Jerrell Quattlebaum is a seaman under the Jones Act, this Court, simultaneously with the entry of this Order has issued an Order Setting Status Conference directed solely and only to framing a discovery schedule and narrowing the issues for determination of whether Quattlebaum was in fact a seaman at the time of the accident in question and whether or not this Court has maritime jurisdiction over some or all of the Defendants not alleged to be employers.